[No. 1515.]

In Re Estate of M. D. FOLEY, Deceased, W. E. GRIF-
FIN, Administrator of the Estate of M. D. FOLEY,
Deceased, Appellant, v. JOHN D. FOLEY, JERE-
MIAH D. FOLEY, EDMUND D. FOLEY, ANNA D.
FOLEY and JOHANNA FOLEY, Respondents.

Probate Practice—Partial Distribution—Rights of Grantee of Heir.
When any person appears in a proceeding for partial distribution of
the estate of a decedent, claiming the property sought to be dis-
tributed as the grantee of an heir, devisee or legatee, and objects to
such distribution being made to his grantor, the distribution should
be denied or suspended until the rights of the contestant are deter-
mined on final distribution or in some other appropriate proceeding.

Appeal from the District Court of the State of Nevada,
Washoe county; C. E. Mack, District Judge, presiding:

Administration of the estate of M. D. Foley, deceased.
Petition of Mrs. Oscar J. Smith, former widow, for a par-
tial distribution.   John D. Foley and others, heirs, answered.
From a decree of distribution, the administrator, W. E.
Griffin, appeals.   Reversed.   Petition for rehearing denied.
(See case of Smith v. Foley, this volume, page 198.)

The facts sufficiently appear in the opinion.

Curler & Curler, for Appellant.

R. R. Bigelow, Geo. W. Baker and T. V. Julien, for Respond-
ents.

By the Court, Belknap, C. J.:

There have been two appeals taken in the matter of the
above estate, one by Mrs. Smith, Docket No. 1518, and the
present one by the administrator, Docket No. 1515.

The same question is presented by each of the appeals,
and upon the authority of our former decision, Docket No.
1518, the judgment herein is reversed and the cause remanded.

ON PETITION FOR REHEARING.

By the Court:

We determined the appeal in this case upon the authority
of the case of Mrs. Smith v. Foley, et al.   The respondents
have petitioned for a rehearing based mainly upon the ground

that in the Smith–Foley case it is not clear what the decision is with respect to the sufficiency of respondents' answer as an objection to distribution being made to Mrs. Smith of the property in dispute.

In that case (*ante*, pages 197–216), the sufficiency of the answer of respondents as an objection under the statute to the distribution to Mrs. Smith of the one-half of the community property claimed by them as grantees was not raised by counsel, nor considered by the court. To remove any doubt that counsel may have on that point, we hold that when any person appears in a proceeding for partial distribution of the estate of a decedent, claiming to be interested in the estate as the grantee of an heir, devisee or legatee, and claiming the property sought to be distributed as his own, and objects to such distribution being made to his grantor on these grounds, the distribution should be denied or suspended until the rights of the contestant may be determined on final distribution or in some other appropriate proceeding.

The petition for rehearing is denied.